UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

LOUIS JOSEPH GEORGE                    CIVIL ACTION NO. 6:17-CV-01614
LA. DOC #189103

VS.                                    SECTION P

                                       UNASSIGNED DISTRICT JUDGE

DARREL VANNOY                          MAGISTRATE JUDGE PATRICK J. HANNA

REPORT AND RECOMMENDATION

*Pro se* petitioner Louis Joseph George, an inmate in the custody of Louisiana's Department

of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on

December 4, 2017. Petitioner attacks his September 16, 2011 conviction for first degree murder and

the life sentence imposed thereon by the Fifteenth Judicial District Court, Lafayette Parish.

This matter was referred to the undersigned for review, report, and recommendation in

accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the

following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as

time-barred by the provisions of 28 U.S.C. §2244(d).

## *Background*

The factual background set forth by the Louisiana Third Circuit Court of Appeal on direct

of appeal is as follows:

> In April 1989, Michelle Steven was severely choked and beaten in her home.
> She never regained consciousness and died as a result of the assault in 2001.
> The perpetrator of the crime was not immediately known. In 2003, Thad
> Badeaux, a detective with the Lafayette Parish Sheriff's Office, reopened the
> dormant case when he discovered through an updated process that the
> fingerprints taken from the victim's bathroom windowsill matched the
> fingerprints of Defendant, Louis Joseph George.

On March 14, 2007, following a DNA analysis of preserved evidence and additional investigation, Defendant was indicted for the 1989 first degree murder of Michelle Steven. The charge was later amended to second degree murder, a violation of La.R.S. 14:30.1. Jury trial commenced on September 12, 2011, at which time Defendant made an oral motion to continue, which was denied. Defendant filed an expedited writ with this court seeking review of the trial court's ruling. This court found no error in the denial of a continuance and denied Defendant's writ application. *State v. George*, an unpublished writ bearing docket number 11–1134 (La.App. 3 Cir. 9/13/11).

On September 16, 2011, the jury found Defendant guilty as charged, and he was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence.

*State of Louisiana v. Louis Joseph George*, 12-566 (La. App. 3 Cir. 11/7/12), 2012 WL 5417363.

Petitioner appealed his sentence in the Third Circuit, raising the following claims: (1) the trial court erred when it denied his motion for new trial; (2) trial court violated his constitutional right to conduct voir dire of a prospective juror; and (3) trial court erred when it refused to remove a juror from the empaneled jury when it was revealed that the juror was employed for several years by the same company as one of the witnesses. [Rec. Doc. 1-3, pp. 3- 24] He subsequently filed a supplemental brief, arguing that the trial court erred in denying him the right to exercise back strikes of the entire jury panel which caused prejudicial error in the jury selection process. [Rec. Doc. 1-3, pp. 26- 38] The Third Circuit affirmed the conviction and sentence on November 7, 2012. *State of Louisiana v. Louis Joseph George*, 12-566 (La. App. 3 Cir. 11/7/12), 2012 WL 5417363. Petitioner applied for writs in the Louisiana Supreme Court, who denied same on December 2, 2013. *State of Louisiana v. George*, 2012-2542 (La. 12/2/13), 126 So.3d 496.

On January 29, 2015, petitioner filed an Application for Post Conviction Relief in the Fifteenth Judicial District Court, raising several claims of ineffective assistance of counsel. [Rec. Doc. 1-3, pp. 44-82]   His application was denied on December 7, 2015. [Rec. Doc. 1-3, p. 85]   On

December 28, 2015, petitioner filed an application for supervisory writ of review in the Louisiana

Third Circuit Court of Appeal [Rec. Doc. 1-3, pp. 87-99], which was denied on May 17, 2016. [Rec.

Doc. 1-3, p. 132]  Petitioner then sought supervisory writs in the Louisiana Supreme Court [Rec.

Doc. 1-3, pp. 100-131]; the Court denied same on October 9, 2017. *State ex el. Louis Joseph George*

*v. State of Louisiana*, 227 So.3d 797, 2017-1167 (La. 10/9/17).   He did not seek further direct

review in the United States Supreme Court. [Rec. Doc.1, ¶6(d)]

The instant petition was delivered to the Classification Officer assigned to petitioner's unit

on December 1, 2017 for filing and was filed in this Court on December 4, 2017.   Petitioner raises

the following claims: (1) the trial court erred when it denied his motion for new trial; (2)  trial court

violated his constitutional right to conduct voir dire of a prospective juror; (3) trial court erred when

it refused to remove a juror from the empaneled jury when it was revealed that the juror was

employed for several years by the same company as one of the witnesses; (4) trial court erred in

denying him the right to exercise back strikes of the entire jury panel which caused prejudicial error

in the jury selection process; and (5) ineffective assistant of counsel. [Rec. Docs. 1 & 1-1]

### *Law and Analysis*

#### *1. Limitations*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death

Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including

the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,*

142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336 (1997).   Title 28 U.S.C.

§2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing

of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant

to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

The Third Circuit affirmed the conviction and sentence on November 7, 2012. *State of Louisiana v. Louis Joseph George*, 12-566 (La. App. 3 Cir. 11/7/12), 2012 WL 5417363. Petitioner applied for writs in the Louisiana Supreme Court who denied same on December 2, 2013. *State of Louisiana v. George*, 2012-2542 (La. 12/2/13), 126 So.3d 496. He did not seek further direct review in the United States Supreme Court. [Rec. Doc.1, ¶6(d)] Accordingly, petitioner's judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..." 90 days after the Louisiana Supreme Court denied writs on direct review, on March 2, 2014, when the time limits for seeking further direct review by filing a petition for *certiorari* in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of *certiorari* by the Supreme Court or expiration of the period for seeking *certiorari*." Under Rule 13.1

of the Supreme Court Rules, the petitioner had ninety days from the Louisiana Supreme Court's

judgment denying his petition for *certiorari* to file a petition for a writ of *certiorari* in the United

States Supreme Court. *See Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236

(1994)). Thus, the AEDPA limitations period began to run on March 2, 2014, and petitioner had one

year, or until March 2, 2015, to file his *habeas corpus* petition.

Petitioner was able to toll the AEDPA's limitations period when he filed his Application for

Post-Conviction Relief in the District Court. However, he did not file his application until January

29, 2015, and by that time, a period of almost eleven months (333 days) of the 1-year limitations

period had expired un-tolled and could not be revived by the otherwise timely filing of the

application for post-conviction relief. Thereafter petitioner was able to toll limitations until October

9, 2017, when the Louisiana Supreme Court denied writs. *State ex el. Louis Joseph George v. State*

*of Louisiana*, 227 So.3d 797, 2017-1167 (La. 10/9/17). However, petitioner then allowed 53 days

to elapse between the date the Supreme Court denied writs (October 9, 2017) and the date he signed

and mailed the instant petition (December 1, 2017). In other words, the petition is clearly time-

barred since 333 days elapsed un-tolled between the date of finality of judgment and the date he filed

his application for post-conviction relief and 53 days elapsed thereafter between the date the post-

conviction proceedings were terminated and the date he filed his federal *habeas* petition. More than

one year elapsed untolled between the date of finality of judgment and the date the petitioner filed

the instant petition.

### 3. Equitable Tolling

The one-year limitation of Section 2244(d) "is subject to equitable tolling in appropriate

cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The petitioner who seeks equitable tolling

bears the burden of proof on the issue. *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013). He must show (1) that he has been pursuing his rights with "reasonable diligence" and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland*, 560 U.S. at 649.

The "extraordinary circumstances" must be factors outside the petitioner's control; delays of his own making do not qualify. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). A district court is afforded discretion in applying the doctrine; refusal to invoke it is reviewed only for abuse of discretion. *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000).

Petitioner's own allegations confirm that he did not act with due diligence during the one-year period. Petitioner squandered most of the one-year available under § 2244(d)(1), leaving little margin in the event of an error. Petitioner waited almost eleven months (333 days) after his conviction became final before mailing his state application on January 29, 2015. This left only 32 days of the one-year period to act once the state habeas proceedings concluded. Leaving little margin for error is not cautious and, clearly, not diligent. *See Schmitt v. Zeller*, 354 Fed. Appx. 950, 952 (5th Cir. 2009) (unpublished per curiam) (having only two months to act once the state habeas proceedings concluded, having squandered most of the one-year period before filing the state application, was a factor in denying equitable tolling); *Hudson v. Quarterman*, 332 Fed. Appx. 209, 210 (5th Cir. 2009) (unpublished per curiam), *cert. denied,* 558 U.S. 949 (2009) (eleven and one-half month delay in mailing state application after conviction became final did not evince due diligence; as such petitioner was not entitled to equitable tolling for two-week delay between mailing of state

habeas application and its filing in state court).

Moreover, petitioner's lack of due diligence did not end here. Following the denial of his state application, he delayed another 53 days before handing his federal petition to prison officials for mailing. Petitioner states that he did not learn of the denial of his state writ until October 30, 2017.[Rec. Doc. 1-2, p. 5] Even assuming the truth of this assertion, Petitioner still delayed an additional 32 days, between learning of the denial of the state writ and the mailing of the federal petition.

Petitioner's pleadings fail to provide an explanation for the lengthy delays in this case. Unexplained delays do not evince due diligence or rare and extraordinary circumstances. "[E]quity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Nor does Petitioner's pro se status and unfamiliarity with the law suffice as a basis for equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Petitioner has not carried his burden of establishing that equitable tolling is warranted. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (the party seeking equitable tolling has the burden of showing entitlement to such tolling). Therefore, in the exercise of discretion, the District Court should refuse to apply equitable tolling.

### *Conclusion and Recommendation*

**THEREFORE, IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana March 6, 2018.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**